# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NOEMI ZAVALA | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-123 |
| | § | Judge Mazzant |
| AARON'S, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Aaron's, Inc.'s Opposed Motion to Strike Plaintiff's Jury Demand (Dkt. #8). After considering the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

Noemi Zavala was hired as a Sales Manager for Aaron's, Inc.'s Sherman, Texas store in May 2012 (Dkt. #8-1). Upon hiring in 2012, Plaintiff was provided with a 2011 Policy Manual. Plaintiff acknowledged receipt of the manual by executing a written 2011 Policy Manual Acknowledgment (Dkt. #8-1).

In 2013, Defendant implemented an electronic policy training and acknowledgment system (Dkt. #8-1). Electronic records show Plaintiff acknowledged a 2013 Policy Manual as well as a 2014 Policy Manual (Dkt. #8-2).

The three Policy Manuals contained nearly identical dispute resolution policies that included express jury waivers (Dkt. #8-3). The 2011 Dispute Resolution Policy reads as follows:

> In consideration of your employment, continued employment, and/or wage increase, you and the Company each agree that in the event either party (or its representatives, successors or assigns) brings an action in a court of competent jurisdiction relating to your recruitment, employment, or termination of employment from the Company, the plaintiff in such actions agrees to waive his, her or its rights to a trial by jury, and further agrees that no demand, request or motion will be made for trial by jury. Instead, the case will be tried to a judge without jury.

The 2011 and 2013 Policy Manual Acknowledgments included the following disclaimer in bold, underlined print above the signature line:

> I agree to the terms of the Dispute Resolution Policy. In consideration of my employment with the Company, I agree to waive my right to a jury trial for any dispute I may have regarding my employment. Instead, I agree that the case will be tried to a judge without a jury.

The 2014 Policy Manual Acknowledgment included a similar disclaimer, with additional information regarding class action lawsuits.

On April 17, 2015, Defendant filed a motion to strike Plaintiff's jury demand (Dkt. #8). On May 13, 2015, Plaintiff filed a response (Dkt. #12). On May 26, 2015, Defendant filed a reply (Dkt. #13). On June 2, 2015, Plaintiff filed a sur-reply (Dkt. #14).

**LEGAL STANDARD**

Although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right, like other constitutional rights, may be waived by prior written agreement of the parties. *Commodity Futures Trading Comm. v. Schor*, 478 U.S. 833, 848 (1986). Waivers of constitutional rights must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States*, 397 S. Ct. 1463 (1970). Furthermore, courts will indulge every reasonable presumption against a waiver of that right. *Jennings v. McCormick*, 154 F.3d 542 (5th Cir. 1998) (citing *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389 (1937)). In determining whether a contractual waiver of the right to a jury trial is valid, the court must examine whether the waiver was made in a knowing, voluntary, and intelligent manner. *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832-33 (4th Cir. 1986). The court examines the following factors to determine if a waiver was made knowingly, voluntary and intelligently: (1) whether the contract was negotiable, (2) the conspicuousness of the provision, (3) the relative

bargaining power of the parties, (4) whether the waiving party was represented by counsel, and (5) the business acumen of the party opposing the waiver. *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 56 F. Supp. 2d 694 (E.D. La. 1999).

There is a circuit split on the issue of which party bears the burden of proving that the waiver was knowing and voluntary. While the Fifth Circuit has never expressly decided the issue, several district courts within the Fifth Circuit have held that the burden falls on the party seeking enforcement of the waiver. *See RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811 (N.D. Tex. 2002)*; Branch Banking & Tr. Co. v. Price*, No. 2:11CV23-KS-MTP, 2011 WL 5403403 at *4 (S.D. Miss. Nov. 8, 2011); *Charles v. Nasser Heavy Equip., Inc.,* 2008 WL 3992648 at *2 (S.D. Miss. Aug. 22, 2008). Additionally, the majority of federal courts have held that the party seeking enforcement of an express waiver has the burden of showing that the consent of the party making the waiver was knowing, voluntary, and intelligent. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835 (10th Cir. 1988); *Leasing Serv. Corp.*, 804 F.2d 828; *Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255 (2d Cir. 1977) (party seeking enforcement of jury waiver bears the burden of demonstrating waiver was knowing and voluntary); *Dreiling v. Peugeot Motors of America, Inc.*, 539 F. Supp. 402 (D. Colo. 1982); *National Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 667 (S.D.N.Y.1991), *aff'd,* 962 F.2d 1 (2d Cir.1992); *but see K.M.C. Co. v. Irving Tr. Co.*, 757 F.2d 752, 755 (6th Cir. 1985) (party objecting to jury waiver bears burden of demonstrating waiver was not knowing and voluntary). The Court finds these cases persuasive, and finds that Defendant has the burden of showing that Plaintiff knowingly and voluntarily waived the right to a jury trial.

3

**ANALYSIS**

*Conspicuousness of the Provision*

Courts determine the conspicuousness of jury waiver clauses on a case-by-case basis, and consider factors such as the typeface, the length of the document, and the location of the waiver clause. *See, e.g., Leasing Serv. Corp.*, 804 F.2d at 833 (finding jury waiver provision in fine print in the middle of a thirty-eight line paragraph on reverse side of standardized document, sufficiently conspicuous because the contract was only two pages long); *Nat'l Westminster Bank*, 130 B.R. at 667 (holding that the jury waiver was knowing and voluntary when the provision was only two inches above the signature and printed in small but entirely legible text). Unambiguous language also suggests that a jury waiver is sufficiently conspicuous. *Hopple v. Prospect Mortg., LLC*, No. 3:13-cv-00137, 2013 U.S. Dist. LEXIS 186974 at *7.

The waiver in the Policy Manual Acknowledgments is conspicuous because it is in its own separate paragraph, located immediately above the signature line, is printed in the same size font as the rest of the agreement, is in bold, underlined type, and is clear and unambiguous.

*Representation by Counsel*

Several courts have acknowledged that representation by counsel is less probative than other factors. *See Westside-Marrero Jeep Eagle*, 56 F.Supp.2d at 709 (determining that this factor lacked probative value where plaintiff was represented by counsel, but counsel never actually read the contract); *see also Pellerin Const., Inc. v. Witco Corp.*, No. CIV. A. 00-0465, 2001 WL 258056 at *2 (E.D. La. Mar. 14, 2001). Other courts do not consider it at all. *See Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 705 (S.D.N.Y. 2011) (considering negotiability, conspicuousness, bargaining power, and business acumen, but not the presence of counsel); *see also*

*TransFirst Holdings, Inc. v. Phillips*, No. CIVA 3:06CV2303P, 2007 WL 867264 at *3 (N.D. Tex. Mar. 22, 2007). Plaintiff was not represented by counsel; however, the jury waiver was unambiguous, and the Defendant did nothing to deprive Plaintiff of representation. Accordingly, the Court finds that this factor favors neither party.

*Business Acumen*

Courts consider the business and professional experience of the party seeking to avoid enforcement of a waiver. *See Brown v. Cushman & Wakefield, Inc.*, 235 F. Supp. 2d 291 (S.D.N.Y. 2002) (finding that a Harvard-educated M.B.A.'s strong educational and business background meant that she could have negotiated the clause if she tried). A party has sufficient business acumen if they are able to understand the import of a jury waiver provision. *Pellerin Const., Inc.*, 2001 WL 258056 at *2. An understanding of the clear and unambiguous language of the jury waiver requires no extraordinary level of sophistication. *G & C Const., LLC v. Kiewit Louisiana Co.*, No. CIV.A. 11-2566, 2012 WL 601887 at *3 (E.D. La. Feb. 23, 2012). Defendant does not claim that Plaintiff's background particularly prepared her to understand the significance of the waiver, but the language of the jury waiver is unambiguous. Accordingly, the Court finds that this factor favors neither party.

*Negotiability of the Contract/ Relative Bargaining Power*

In determining the negotiability of a contract, courts consider whether there was actual negotiation over the terms of the contract. *Morgan Guar. Tr. Co. of New York v. Crane*, 36 F. Supp. 2d 602, 604 (S.D.N.Y. 1999). Plaintiff does not imply that she made any attempt to negotiate the terms of the contract (Dkt. #12). However, just because the terms of an agreement were not negotiated does not mean that the agreement is not negotiable. *Morgan Guar. Tr. Co. of New York*, 36 F. Supp. 2d at 604.

5

Inequality in bargaining power suggests a jury waiver was not executed knowingly or intelligently. *Dreiling v. Peugeot Motors of America, Inc.*, 539 F. Supp. 402 (D. Colo. 1982). "To invalidate a waiver provision . . . the bargaining differential must be the kind of extreme bargaining disadvantage or gross disparity in bargaining position that occurs in certain exceptional situations." *Westside-Marrero Jeep Eagle*, 56 F. Supp. 2d at 709 (citation omitted). Even in the context of employment, a 'take it or leave it' situation alone does not make the waiver unenforceable or unconscionable. *Green v. Wyndham Vacation Resorts, Inc.*, 2010 U.S. Dist. LEXIS 14652 *13 (M. D. Fla. July 12, 2010) (citing *Winiarski v. Brown & Brown, Inc.*, No. 5:07-CV-409-OC-10GRJ, 2008 WL 1930484 at *2 (M.D. Fla. May 1, 2008)). Plaintiff did not present any evidence suggesting that she could not have found employment with another company that did not require a jury trial waiver. *Green*, 2010 U.S. Dist. LEXIS 14652 at *13 . Thus, the relative bargaining positions of the parties in their roles as employer and employee are not so disparate as to render the jury waiver unenforceable under these circumstances alone.[1] However, the fact that a contract is unilateral suggests that there is a disparity in bargaining power and/or the parties did not have an opportunity to negotiate.[2]

---

[1] Plaintiff argues that a reasonable person could infer from the nature of the "at will" agreement that failure to sign the acknowledgment would result in immediate termination. The Court agrees with *Rivera v. Aaron Rents, Inc.* that the possibility of being fired/not hired alone is not sufficient to constitute the type of disparity in bargaining position that would nullify the agreement. 8:07-CV-2190T30TGW, 2008 WL 638353 (M.D. Fla. March 5, 2008). However, the Court differentiates its analysis from that of *Rivera v. Aaron Rents, Inc.* because the *Rivera* court failed to consider whether the agreement was unilateral or bilateral.

[2] While other courts have been inconsistent and unclear in explaining if a unilateral jury waiver reflects a disparity in bargaining power or a lack of an opportunity to negotiate, the Court finds that regardless of which factor the unilateral nature of a contract affects, it reflects that the jury waiver was not executed in a knowing and voluntary manner. *See, e.g. Branch Banking & Tr. Co.*, No. 2:11CV23-KS-MTP, 2011 WL 5403403 at *4 (finding that the bilateral nature of the agreement demonstrated that no gross disparity in bargaining power existed); *Cummings Properties, LLC v. Promethean Surgical Devices, LLC*, No. CIV.A. 08-11327-GAO, 2010 WL 3122834 at *1 (D. Mass. Aug. 9, 2010); *RDO Financial*, 191 F. Supp. 2d at 814 (finding that a unilateral agreement demonstrates a lack of an opportunity to negotiate); *Hopple*, 2013 U.S. Dist. LEXIS 186974 at *8 (finding that a unilateral agreement existed, and thus the agreement was not enforceable but not specifying which factor was affected).

An agreement is unilateral when only one party is prohibited from being able to request a jury trial. A wholly one-sided waiver "demonstrates that [a party] lacked a realistic opportunity to negotiate at arms-length." *RDO Financial*, 191 F. Supp. 2d at 814. When determining if both parties are bound by a jury waiver agreement, courts examine the language of the clause. *Hopple*, 2013 U.S. Dist. LEXIS 186974 at *7 (finding that an agreement written in the second person addresses only the signatory's rights). Additionally, a jury waiver agreement that contains a signature of only one party or a signature line for only one party suggests that only one party was bound. *Id.* Unilateral waivers should not be enforced because they indicate that the agreement was not actually negotiable. *See Branch Banking & Tr. Co.*, No. 2:11CV23-KS-MTP, 2011 WL 5403403 at *2 (finding the jury waiver agreement enforceable because it applied equally to plaintiff as well as defendant); *Cummings Properties, LLC*, 2010 WL 3122834 at *1 (holding that jury waiver applied equally to both parties, suggesting that it was enforceable).

The terms of the jury waiver appear bilateral in the 2011, 2013, and 2014 Policy Manuals, stating "…you and the Company each agree that in the event either party…brings an action…the plaintiff in such action agrees to waive his, her or its rights to a trial by jury…" (Dkt. #8-3). However, these terms are illusory because the Defendant retained the right to change the manual.[3] *See Torres v. S.G.E. Mgmt., L.L.C.*, 397 F. App'x 63 (5th Cir. 2010) (finding arbitration provision is illusory, under Texas law, since arbitration clause could be eliminated or modified upon notice and the agreement did not contain any clause preventing a modification from applying to disputes arising before the modification). Thus, the terms from the 2011, 2013, and 2014 Policy Manuals

---

[3] "I acknowledge that I have read and understand the following policies contained in the Company's Policy Manual . . . Dispute Resolution Policy . . . I also understand that these policies are not all-encompassing and that they may be changed at any time, with or without notice" (Dkt. #8-1).

shall be disregarded for the purposes of the Court's analysis.[4]

The language in the 2011, 2013, and 2014 Policy Manual Acknowledgments suggests a unilateral waiver.[5] Even though the language of the jury waiver clause is in the first person, and the 2011 Policy Manual Acknowledgment is signed by both the employee and the manager, the plain language of the clause suggests that it only bound the employee (Dkt. #8-1). The contract only bound Plaintiff's right to request a jury trial, and is therefore unilateral. The Court finds that the jury waiver should not be enforced because it reflects that the parties were in disparate bargaining positions and/or there was no meaningful opportunity for the parties to negotiate.

## CONCLUSION

Although the jury waiver is conspicuous, consideration of Plaintiff's business acumen and representation by counsel do not favor either party. However, the jury waiver is unilateral, which suggests that either there was disparity in the bargaining power of the parties or the parties lacked an opportunity to negotiate the terms of the jury waiver. The unilateral nature of the contract demonstrates that the jury waiver was not knowingly, voluntarily and intelligently entered and is thus unenforceable. It is therefore **ORDERED** that Defendant's Opposed Motion to Strike Plaintiff's Jury Demand (Dkt. #8) is hereby **DENIED**.

---

[4]Plaintiff argues that the evidence Defendant has put forth regarding Plaintiff's electronic execution of the 2013 and 2014 Policy Manual Acknowledgment is insufficient. Defendant argues that the subsequent electronic Acknowledgments were valid and that the repeated nature of the Plaintiff's agreement suggests that it was knowing and voluntary. Regardless, the agreements allegedly executed in 2013 and 2014 were unilateral and thus are unenforceable.

[5] "I agree to the terms of the Dispute Resolution Policy. *In consideration of my employment with the Company*, I agree to waive **my** right to a jury trial for any dispute I may have regarding *my employment*. Instead, I agree that the case will be tried to a judge without a jury." (Dkt. #8-1) (emphasis added).

**SIGNED this 23rd day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE